UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEJOHNA KING,

                              Plaintiffs,

                  -against-

JODICE KEVIN, *et al.*,

                              Defendants.

24-CV-2949 (LTS)

ORDER OF DISMISSAL WITH
LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kejohna King, who is currently detained at the Orange County Jail in Goshen, New York, brings this action, *pro se*, against City of Newburgh Police Officers Jodice Kevin, Edgar Kevin, Salazar Gilberto, and Dolshun Hunter. Because Plaintiff alleges that police officers violated his "civil rights," the Court construes the complaint as asserting constitutional claims under 42 U.S.C. 1983. (ECF 1, at 5.) By order dated June 7, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, a complaint is subject to dismissal if its "form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Ong v. Park Manor (Middletown Park)*

*Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014). Ultimately, a complaint must give "fair notice" to the defendants. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claims asserted." (internal quotation marks omitted)).

## BACKGROUND

The following facts are drawn from the complaint.[1] On January 11, 2024, police officers from the City of Newburgh Police Department pursued Plaintiff and, at some point during the pursuit, the officers "broke four of [his] teeth." (ECF at 5). During this incident, the officers "tr[ied] to cover the [body] camera to try to hide." (*Id*.). This body camera footage allegedly shows "tamper[ing] of evidence" and that the officers tried to "modify [a] weapon." (*Id*.).

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

Plaintiff's complaint does not comply with Rule 8 because, although Plaintiff's complaint is short, it does not make a plain statement showing that he is entitled to relief from any of the Defendants. For example, it is unclear how the Plaintiff's alleged physical injury was caused by the Defendants and therefore, whether they are liable for the alleged use of excessive force. Moreover, Plaintiff does not describe what occurred during the alleged incident regarding the bodycam footage and the alleged fabricated evidence. Thus, in any amended complaint Plaintiff files, he must address these deficiencies, as discussed below.

### 1.    Excessive Force

The Court construes the complaint as alleging that Defendants used excessive force against him during his arrest, in violation of the Fourth Amendment. "[C]laims that law

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In evaluating an excessive force claim against a police officer under the Fourth Amendment, the central question is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 396 (quotations omitted). The reasonableness of an officer's force depends on the totality of the circumstances and involves a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id*. A plaintiff need not always sustain lasting injuries to state a claim for excessive force. *See, e.g.*, *Graham v. City of New York*, 928 F. Supp. 2d 610, 618 (E.D.N.Y. 2013) ("Defendants are liable as long as the force used exceeded the force needed for the factual circumstances, and the fact that Plaintiff may not have sustained serious long-lasting harm is not dispositive.").

Here, Plaintiff alleges that he sustained four broken teeth during an arrest, but he does not provide enough facts describing the totality of the circumstances that led to the alleged use of force to allow the Court to determine whether such use of force was constitutional under the Fourth Amendment. Moreover, Plaintiff does not specify which officer(s) was involved, or the actions of each officer who allegedly violated Plaintiff's rights. Therefore, the allegations in the complaint are insufficient to state a claim for a violation of Plaintiff's constitutional rights.

2.     **Fabricated Evidence Claim**

The Court construes Plaintiff's allegation that Defendants "plan[ted] evidence in pant pocket" as asserting a fair trial fabricated evidence claim.[2] (ECF at 4). To state such a claim, Plaintiff must allege that 'an (1) investigating official (2) fabricat[ed] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 75 (S.D.N.Y. 2020) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016)). If a criminal proceeding is ongoing, "[t]here is not a complete and present cause of action to bring a fabricated-evidence challenge to criminal proceedings." *McDonough v. Smith*, 588 U.S. 109, 119 (2019) (internal quotation marks and citation omitted).

Here, the allegations do not specify what Plaintiff believes the Defendants were concealing when they allegedly covered their body camera footage. Additionally, it is unclear whether the Plaintiff's criminal proceedings are ongoing. If the criminal proceedings giving rise to Plaintiff's fabricated-evidence claim are ongoing, he cannot state a viable claim for fabricated evidence at this time. Because Plaintiff does not provide any facts regarding his criminal proceedings, in an abundance of caution, the Court grants Plaintiff leave to allege facts in an amended complaint to support any fabricated evidence claim he intends to assert.[3]

---

[2] The claim of denial of the right to a fair trial due to fabricated evidence is rooted in the Sixth Amendment and the Due Process clauses of the Fifth and Fourteenth Amendments. *See Holbrook v. Flynn*, 475 U.S. 560 (1986).

[3] This incident occurred on January 11, 2024, and the complaint suggests that Plaintiff is in pretrial detention. But it is unclear whether Plaintiff is detained pursuant to any charges arising from the January 11th incident.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against City of Newburgh Police Officers Jodice Kevin, Edgar Kevin, Salazar Gilberto, and Dolshun Hunter, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

6

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. If Plaintiff names City of Newburgh police officers, Plaintiff must allege facts suggesting that they caused the constitutional violation of which Plaintiff claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint under 28 U.S.C. 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2949 (LTS). An Amended Complaint form is attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. No summons will issue at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is instructed to keep this action open on the docket until judgment is

entered.

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____